IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10V454

| | |
|---|---|
| JORGE GALEAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ALVIN KELLER, et.al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed September 10, 2010. (Doc. No. 1.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's claim against Alvin Keller; Robert Lewis; Richard Neely; Lawrence Parsons; Jeffrey Smith; Dennis Marshall; Judy Atwater; D. House; J. Hyatt and E. Coleman must be dismissed as he has not identified any constitutional violation by these defendants. The Clerk shall issue summons as defendant Betty Inpold.

Plaintiff Jorge Galeas has filed a Complaint pursuant to 42 U.S.C. § 1983 against the defendants alleging that they have violated his constitutional rights. Specifically, Plaintiff alleges that on April 4, 2009 and April 8, 2009, his mother sent him two packages containing copies of legal

1

papers. Plaintiff contends that both packages were received at Lanesboro Correctional Institution by mailroom officer Betty Inpold, but were not delivered to him. Plaintiff contends that the Ms. Inpold's failure to deliver these packages from his mother containing copies of his legal papers constitutes denial of access to the courts.

Plaintiff contends that he wrote to mailroom officers Betty Inpold, J. Hyatt, D. House and E. Coleman asking for information about his packages and received no response. Although Plaintiff states that the mailroom officers did not respond to his letters regarding his mail, he has not identified any constitutional violations by Officer House, Hyatt or Coleman and, with the exception of Officer Inpold, does not allege that they were involved with the failure to deliver his packages from his mother, therefore, they are dismissed.

Next, Plaintiff includes several defendants who were not personally involved with the mailroom or the delivery of the mail.[1] Although Robert Lewis, Director of Prisons and Richard Neeley, Superintendent of Lanesboro, are named in the caption of the Complaint, Plaintiff provides no specific claims against them except that they were aware of his complaints and did not do anything to help him such as conduct an internal investigation. Plaintiff does not explain how these defendants became aware of his complaints. Further, copies of Plaintiff grievances attached to his Complaint, reflect that an investigation was conducted. (Doc. No. 1-1 at 2-3). Therefore, Mr. Lewis and Mr. Neely are dismissed.

Plaintiff contends that he sent his appeal of the denial of his grievances to Mr. Alvin Keller,

---

[1] The Court notes that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. While it appears that Plaintiff has exhausted his grievance that his two packages from his mother were never delivered to him, his grievance was directed only at action or inaction the mailroom staff.

Secretary of the Department of Corrections. Plaintiff states that Mr. Keller did not do anything to solve his problem including conducting an investigation. Likewise, Plaintiff includes Lawrence Parson, Assistant Superintendent of Lanesboro, as a defendant. According to Plaintiff's Complaint, Mr. Parson responded to his initial grievance stating that "Your grievance dated 1/18/10 has been reviewed. I have a statement from the mailroom. It explains that your mail is not being held and that the mail sent in by your mother is not legal mail. All mail is sent through the unit daily, Monday thru Friday. No further action taken." (Doc. No. 1-1 at 3). Plaintiff does not attack the grievance procedure, but instead contends these defendants knew about his problem with his mail and did nothing to help him including launching an investigation. However, as stated above, copies of Plaintiff grievances, attached to his Complaint, reflect that an investigation was conducted. Therefore, Mr. Keller and Mr. Parsons are dismissed.

Plaintiff also includes Mr. Jeffrey Smith as a defendant. Plaintiff contends that he wrote a letter to Mr. Smith him asking about the packages. According to Plaintiff, Mr. Smith had Ms. Judy Atwater, mailroom supervisor, respond to the letter. Although Plaintiff contends that Mr. Smith knew about his problem and did nothing to help, it is clear that Mr. Smith appropriately directed Ms. Atwater, the mailroom supervisor, to respond to Plaintiff's letter which included a complaint about his mail. Plaintiff has not articulated a constitutional claim against Mr. Smith, therefore, he is dismissed.

Plaintiff contends that Ms. Atwater responded to his letter to Mr. Smith. Other than the fact that she sent the response, Plaintiff does not articulate any facts which give rise to a constitutional violation. To the extent Plaintiff is arguing that Ms. Atwater is responsible for the failure to deliver his package because she is the supervisor of the mailroom, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694

(1978). Further, Plaintiff has not alleged Ms. Atwater was personally involved in the failure to deliver his packages or that his mail was not delivered pursuant to an official policy for which Ms. Atwater is responsible. Vinnedge v.Gibbs, 550 F.2d 926, 928 (4th Cir. 1977; Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982) (abrogated in other grounds). Therefore, Ms. Atwater is dismissed.

After careful review of the Plaintiff's Complaint, the undersigned finds that defendant Betty Inpold should file an Answer to Plaintiff's claim that she received Plaintiff's packages in the mail from his mother in April 2009 and failed to deliver them to him.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Defendants Alvin Keller; Robert Lewis; Richard Neely; Lawrence Parsons; Jeffrey Smith; Dennis Marshall; Judy Atwater; D. House; J. Hyatt and E. Coleman are dismissed and should be removed from the caption of this case,

2. The Clerk shall issue summons for defendant Betty Inpold and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost; and

5. Defendant Inpold shall file an Answer to the claim in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge