IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10V454

| | |
|---|---|
| JORGE GALEAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BETTY INPOLD, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Plaintiff's "First Amended Complaint Rule 15(a) Fed. R. Civ. P." filed September 24, 2010. (Doc. No. 6).

On September 10, 2010, Plaintiff filed a Complaint under 42 U.S.C. § 1983 against various defendants for violating his Constitutional rights by failing to deliver mail to him from his mother containing copies of his legal documents. Plaintiff alleged that the failure to deliver his packages to him constituted denial of access to the courts. This Court conducted an initial review of Plaintiff's Complaint as is required pursuant to 28 U.S.C. § 1915A and determined that the Plaintiff stated a claim for relief as to Defendant Betty Inpold and directed the Clerk to issue summons for Ms. Inpold and deliver it to the U.S. Marshall for service of process. The Court also determined that the remaining defendants should be dismissed as Plaintiff had not identified any constitutional violation by these defendants and therefore failed to state a claim for relief as to those defendants.. (Doc. No. 2). The record establishes that a summons was issued for Ms. Unpiled to the Marshal for service on September 17, 2010. (Doc. No. 3).

It appears that Plaintiff seeks to amend his Complaint against the dismissed defendants pursuant to Federal Rule of Civil Procedure 15. Federal Rule of Civil Procedure 15 governs

1

amendments in a general civil action. However, in this case filed by a prisoner, 28 U.S.C. § 1915A directs the Court to conduct an initial review of a civil action by a prisoner against a governmental entity or employee before docketing, or soon as practicable after docketing, to identify cognizable claims or dismiss the complaint or parts of the complaint. Plunk v. Givens, 234 F.3d 1128 (10th Cir. 2000) (the screening process of 1915A is to be applied sua sponte, as early as possible, and does not require that process be served or that the plaintiff be provided with an opportunity to respond). As such, the Court has already considered Plaintiff's claims against the dismissed defendants and concluded that Plaintiff has failed to state a claim for relief against those defendants. Therefore, with respect to the dismissed defendants, Plaintiff may not amend his Complaint. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (Under the PLRA, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Christiansen v. Clarke, 147 F.3d 655, 658 (8th Cir. 1998) (PLRA "allow[s] district courts to dismiss all meritless claims before service of process and without giving leave to amend."). To the extent that Plaintiff also seeks to amend his Complaint against Ms. Inpold, Plaintiff shall so advise this Court within fifteen (15) days of the date of this Order.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's amended complaint will not be allowed;

(2) To the extent that Plaintiff also seeks to amend his Complaint against defendant Inpold, Plaintiff shall so advise this Court within fifteen (15) days of the date of this Order. If Plaintiff fails to advise the Court that he intended the amended complaint as to defendant Inpold, Plaintiff's original complaint shall be the only complaint considered by this Court.

**SO ORDERED**.

Signed: September 30, 2010

Robert J. Conrad, Jr.
Chief United States District Judge