IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10V454

| | |
|---|---|
| JORGE GALEAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BETTY INPOLD, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration and Plaintiff's Motion for Leave to Amend, both filed January 19, 2011. (Doc. Nos. 23 and 24).

On September 10, 2010, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against various defendants for violating his Constitutional rights by failing to deliver mail to him from his mother containing copies of his legal documents. Plaintiff alleged that the failure to deliver his packages to him constituted denial of access to the courts. This Court conducted an initial review of Plaintiff's Complaint, as is required pursuant to 28 U.S.C. § 1915A, and determined that the Plaintiff stated a claim for relief as to Defendant Betty Inpold and directed the Clerk to issue summons for Ms. Inpold and deliver it to the U.S. Marshall for service of process. The Court also determined that the remaining defendants should be dismissed as Plaintiff had not identified any constitutional violation by these defendants and therefore failed to state a claim for relief as to those defendants. (Doc. No. 2). The record establishes that a summons was issued for Ms. Inpold to the Marshal for service on September 17, 2010. (Doc. No. 3).

On September 24, 2010, Plaintiff filed a motion to amend against the dismissed defendants. (Doc. No. 6). This Court denied Plaintiff's motion to amend by order dated September 30, 2010.

1

(Doc. No. 7). On October 7, 2010 Plaintiff filed a document which this Court construed as a Motion for Reconsideration of this Court September 30, 2010 Order. (Doc. No. 10). By Order dated October 27, 2010, the Court denied Plaintiff's Motion for Reconsideration. (Doc. No. 13). Plaintiff appealed this Court's Order denying reconsideration and the Fourth Circuit Court of Appeals dismissed his appeal. Gevara v. Keller, 2011 WL 195640 (January 21, 2011). On January 10, 2011, Defendant Inpold filed a Motion to Dismiss. (Doc. No. 21). Plaintiff filed his response on February 10, 2011.

By his motion, Plaintiff again seeks reconsideration of this Court's previous Order denying his Motion to Amend (Doc. No. 7) and has filed a second Motion to Amend which is essentially the same as his first Motion to Amend. (Doc. No. 24). A motion to reconsider is inappropriate where it merely seeks "to re-debate the merits of a particular motion." In re Vioxx Products Liability Litigation, 230 F.R.D. 473, 475 (E.D. La. 2005). Rather, the purpose of a motion for reconsideration is to correct "manifest errors of law or fact . . . ." DIRECTTV, Inc. V. Hart, 366 F.Supp.2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. V. Zlotnicki, 779 F.2d 907, 909 (3rd Cir. 1985). "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id.

Plaintiff does not include any specific argument in his Motion for Reconsideration. Instead, in his one paragraph motion, he "asks this Court to reconsider all the documents and evidence already filed in this court and also to reconsider the First Amended Complaint for justice and truth." (Doc. No. 23). Plaintiff also attaches a Motion for Leave to Amend seeking to add the previously dismissed defendants to the case. As this Court has already denied Plaintiff's Motion for Reconsideration (Doc. No. 13) and Motion to Amend (Doc. No. 7) and Plaintiff has not added new

2

facts or argument, this Court will deny Plaintiff's Motions for the reasons previously stated by this Court.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration and Motion for Leave to Amend (Doc. Nos. 23 and 24) are **DENIED.**

**SO ORDERED**.

Signed: February 14, 2011

Robert J. Conrad, Jr.
Chief United States District Judge