IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv454

| | |
|---|---|
| JORGE GALEAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER and NOTICE |
| ) | |
| BETTY INPOLD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Defendant's Amended Motion To Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. (Doc. No. 44). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se of his obligation to respond to Respondent's Motion.

In responding to a motion to dismiss, Petitioner must show that he has made sufficient allegations to support a cause of action which is recognized by law. Petitioner's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). In the context of a § 1983 case, a plaintiff "must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir.2009) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). In considering Petitioner's Complaint, the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it

1

"'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Id. (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006).

Petitioner is further advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Complaint as well as those attached to the motion to dismiss, so long as those documents "are integral to the complaint and authentic.". Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Plaintiff is further advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Defendant's motion to dismiss, such action may result in the conversion of the motion to dismiss to a motion for summary judgment under the Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response to the motion to dismiss. Plaintiff's failure to respond may result in the Court granting Defendant's motion to dismiss, that is, in the dismissal of the Complaint with prejudice.

The Clerk is directed to send copies of this Order and Notice to the parties, including Jorge Galeas, Prisoner No. 065559, Lanesboro Correctional Institution, P.O. Box 280, Polkton, NC 28135.

Signed: August 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge