UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10V454-RJC

| | |
|---|---|
| JORGE GALEAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ALVIN KELLER, et.al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Motion Requesting Protection from Defendant N.C.DO.C. and Prison Staff . . . " (Doc. No. 50); Motion Requesting Copies of All Documents, (Doc. No. 51); Motion for Reconsideration of All Documents Filed in Case, (Doc. No. 52); and Amended and Supplemental Complaint, (Doc. No. 49).

Plaintiff filed his Complaint on September 10, 2010 against Alvin Keller; Robert Lewis; Richard Neely; Lawrence Parsons; Jeffrey Smith; Judy Atwater; Dennis Marshall; and Betty Inpold, alleging that on April 4, 2009 and April 8, 2009, his mother sent him two packages containing copies of legal papers, which were received at Lanesboro Correctional Institution by mailroom officer Betty Inpold, but were not delivered to him. Plaintiff contends that the Ms. Inpold's failure to deliver these packages from his mother constitutes denial of access to the courts. (Doc. No. 1). On September 17, 201, this Court conducted an initial review of Plaintiff's Complaint, as is required pursuant to § 1915A, and determined that Plaintiff stated a claim for relief as to Defendant Inpold and directed the Clerk to issue summons for Ms. Inpold and deliver it to the U.S. Marshal for service of process. The Court also determined that the remaining defendants should be dismissed as Plaintiff had not identified any constitutional violations by these defendants and therefore failed to

1

state a claim for relief as to those defendants. (Doc. No. 2). On January 10, 2011, Defendant Inpold filed a Motion to Dismiss. (Doc. No. 21). Plaintiff filed his response on February 10, 2011. (Doc. No. 32). On July 8, 2011, Defendant withdrew her Motion to Dismiss, and filed an Amended Motion to Dismiss on August 22, 2011. (Doc. No. 43, 44). On August 24, 2011, this Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) advising Plaintiff of his obligation to respond to Defendant's Motion to Dismiss. (Doc. No. 46). Plaintiff sought two extensions of time to respond to Defendant's Motion to Dismiss, both of which were granted. (Docket Entries 9/20/2011 and 9/29/11). Plaintiff's response to Defendant's Motion to Dismiss is currently due on or before October 31, 2011. As of the date of this Order, the Court has not received a response to Defendant's Motion to Dismiss. Instead, Plaintiff filed the instant motions on October 25, 2011.

**Motion For Reconsideration**

In his motion, Plaintiff asks that this Court "reconsider all documents filed in this Court." (Doc. No. 52). Plaintiff provides no support for his request and does not specify any particular Order from which he seeks reconsideration. Plaintiff's Motion is therefore DENIED. (Doc. No. 52).

**Motion for Copies**

Plaintiff asks for copies of all documents filed in this Court so that he can file an amended complaint. Plaintiff's file is voluminous and the Court does not provide free copies of documents unless the Plaintiff can establish good cause and that he is indigent. Plaintiff has done neither and his request is DENIED. (Doc. No. 51). Further, Plaintiff has filed an Amended Complaint, therefore, it appears the reason for Plaintiff's request no longer exists. The Court will direct the Clerk to send Plaintiff a copy of his docket sheet. If there is a specific document Plaintiff requires,

Plaintiff shall request the document. The Clerk's Office charges for copies which are available at a cost of $0.50 per page.

**Motion for Protection**

Plaintiff asks the Court to issue a protective order so that prison staff do not interfere with his expression of free speech and other guarantees of the Constitution. Plaintiff's motion is not supported and will be DENIED. (Doc. No. 50).

**Amended Complaint**

Plaintiff has filed a Amended Complaint without leave of Court. (Doc. No. 49). Federal Rule of Civil Procedure 15 allows a Plaintiff to amend his pleading without leave of court "once as a matter of course" either within 21 days after service of the pleading that Plaintiff is seeking to amend or if the pleading required a response, 21 days after service of the responsive pleading. Plaintiff is seeking to amend his Complaint which was filed over one year ago on September 10, 2010. Defendant filed a pleading responsive to Plaintiff's Complaint on January 10, 2011. (Doc. No. 21). Defendant later withdrew that pleading and filed an Amended Motion to Dismiss on August 22, 2011. In any event, Plaintiff's Amended Complaint has been filed, without leave of Court, more than 21 days after his Complaint was filed <u>and</u> more than 21 days after Defendant's pleading in response to his Complaint. Therefore, this Court will not consider Plaintiff's Amended Complaint.[1] Plaintiff was advised pursuant to this Court's August 24, 2011 Order and subsequent Orders granting him extensions, that he had until October 31, 2011 to file a document in response

---

[1] Even if Plaintiff had sought leave of Court, it is unlikely the Court would grant a motion to amend at this stage of the litigation. Defendant's Motion to Dismiss is ripe for review and the Court is waiting only on Plaintiff's response to Defendant's motion which is due on or before October 31, 2011. To allow Plaintiff to amend at this point would be prejudicial to the Defendant as well as futile in that this Court has already determined that Plaintiff failed to state a claim for relief as to the dismissed Defendants.

to Defendant's Motion to Dismiss. (Doc. No. 46 and Docket Entries 9/20/11 and 9/29/11). Plaintiff was specifically cautioned that failure to file a response on or before this date may result in the Court granting Defendant's Motion to Dismiss. The Court will allow one final extension of time for Plaintiff to file a response to Defendant's Motion to Dismiss based in part of the rulings on Plaintiff's various motions contained in this Order. Plaintiff shall file a response to Defendant's Motion to Dismiss on or before November 14, 2011.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. The Court will not consider Plaintiff's Amended Complaint (Doc. No. 49);

2. Plaintiff's Motions for Protection (Doc. No. 50); for copies (Doc. No. 51); and for reconsideration (Doc. No. 52) are DENIED;

3. The Clerk shall provide Plaintiff with an updated copy of his docket sheet;

4. Plaintiff shall respond to Defendant's Motion to Dismiss on or before November 14, 2011. **FAILURE TO RESPOND MAY RESULT IN THIS COURT GRANTING DEFENDANT'S MOTION TO DISMISS, THAT IS, IN THE DISMISSAL OF THE COMPLAINT WITH PREJUDICE.**

5. This case is ripe for review and the Court will not consider further amended motions.

Signed: October 31, 2011

Robert J. Conrad, Jr.
Chief United States District Judge