UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-454-RJC

| | |
|---|---|
| JORGE GALEAS, <br> (aka JORGE GEVARA) <br>               Plaintiff, <br><br> v. <br><br> BETTY INPOLD, <br><br>               Defendant. | ORDER |

**THIS MATTER** comes before the Court on a Defendant's Motion for Protective Order, (Doc. No. 30), Plaintiff's Motion to Compel Discovery, (Doc. No. 36), and Defendant's Amended Motion to Dismiss, (Doc. No. 44).

## I.     BACKGROUND

Plaintiff, a prisoner incarcerated in the North Carolina Department of Correction ("DOC") at Lanesboro Correctional Institution, filed this pro se action on September 10, 2010, pursuant to 42 U.S.C. § 1983. Plaintiff alleges a claim for damages for violation of his constitutional right of access to the courts resulting from Defendant's alleged mishandling of Plaintiff's legal mail.

Plaintiff alleges that on April 4, 2009 and April 8, 2009, his mother sent him two packages by certified mail containing

> my last copy of my legal papers concerning my crime and Affidavits from witnesses to prove my innocence. Those packages were received at Lanesboro Correctional Institution by the mailroom officer Betty Inpold and they were never delivered to me.

(Doc. No. 1 at 6). Plaintiff has attached to the Complaint copies of two Certified Mail Receipts dated April 4, 2009, and April 8, 2009, bearing Nos. 7008 2810 0002 3722 6192 ("6192") and

7008 2810 0002 3723 1172 ("1172"), respectively. (Doc. No. 1-3). Plaintiff has also attached the Domestic Return Receipt (commonly referred to as a "green card") corresponding to number 1172, dated April 13, 2009, and bearing the signature of Betty Inpold. (Id.) Plaintiff did not attach the green card corresponding to number 6192. Plaintiff alleges that "[t]hese legal documents were my last copy and my last hope to prove my innocence but by negligence of the defendants mentioned in this complaint I cannot prove my innocence anymore which has caused me an extreme emotional distress and irreparable harm." (Doc. No. 1 at 8).

## II. STANDARD OF REVIEW

In its review of a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). In order to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949).

## III. ANALYSIS

It is well established that inmates have a fundamental right to access the courts and courts protect that right "by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents." Lewis v. Casey, 518 U.S. 343, 350 (1996). "[M]eaningful access to the courts is the touchstone." Id. at 351. Therefore, in order to sustain a

claim of denial of access to the courts, a prisoner must show actual injury, i.e., that the prisoner's efforts to pursue a legal claim were hindered. See id. at 351-52; accord O'Dell v. Netherland, 112 F.3d 773, 776 (4th Cir. 1997) (holding that an inmate wishing to establish an unconstitutional burden on his right to access to the courts must show actual injury to the capability in bringing contemplated challenges to sentences or conditions of confinement before the courts).

In support of her motion to dismiss, Inpold contends that Plaintiff fails to state a claim against her for violation of his constitutional right to access to the courts because Plaintiff pleads Inpold's negligence, not active interference.[1] The Court agrees. It is well established that negligence does not rise to the level of culpability necessary to establish a constitutional violation. See Daniels v. Williams, 747 U.S. 327, 332 (1986) ("To hold that injury caused by [lack of due care] is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."). Indeed, the Fourth Circuit has held that mere negligent mistakes made by persons conducting ministerial duties cannot amount to a constitutional violation. See Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995) (where the inmate alleged that an assistant warden's carelessness resulted in the loss of a money order request, holding that the "unintended misrouting of a routine money order request is too far afield from state action used for purposes of oppression" to constitute a due process clause violation) (internal quotations omitted).

---

[1] Plaintiff asserts a conclusory allegation of "intentional" acts by certain prison officials, but he does not allege such intentional interference by Defendant Inpold. (Doc. No. 1 at 8) ("This actions [sic] by prison officials is a denial for access to the court intentionally and not because is [sic] a mistake by mailroom staff . . . .").

Here, as to Defendant Inpold, Plaintiff alleges negligence at most. Furthermore, even if Plaintiff had alleged intentional interference by Defendant Inpold, Plaintiff has failed to allege specific facts that could plausibly give rise to Defendant's active, intentional interference with Plaintiff's right to access to the courts. That is, although Plaintiff has produced Green Card No. 1172 with Defendant Inpold's signature on it, he makes no allegation with regard to Defendant's active or intentional interference with the package.[2] Indeed, according to Defendant, her signature on the green card was merely a single link in the chain by which inmate mail moves from the post office to the inmate and, other than affixing her name to the green card, she had no further responsibility for the collection, processing, distribution, or delivery of Plaintiff's mail.

Finally, as Defendant notes, Plaintiff has not pled actual injury. That is, although Plaintiff claims that certain legal papers were lost, he has pled no particulars as to the contents of those papers or of the contemplated or existing legal action to which they were vital. For instance, Plaintiff contends that the legal papers contained affidavits from certain individuals and that the affidavits would have proven his innocence.[3] He does not, however, state who these individuals are or how the statements in their affidavits would prove his innocence.[4] The Supreme Court has made clear that claims regarding the constitutional right to access the courts are not intended to remedy abstract violations. Rather, plaintiffs must plead and prove actual

---

[2] Defendant further argues that Plaintiff has not produced Green Card No. 6192 and, in its absence, Plaintiff cannot even credibly claim that the package that his mother sent on April 4, 2009 reached the prison.

[3] The North Carolina Department of Correction records indicate that Plaintiff was convicted of first-degree rape on June 24, 1999.

[4] Moreover, even assuming that the statements in the affidavits would somehow prove Plaintiff's innocence, Plaintiff is certainly free to request the individuals who authored the alleged affidavits to prepare new affidavits.

injury, so that these types of claims do not result in unnecessary entanglement of the federal courts in the affairs of the political branches of state government. See Casey, 518 U.S. at 350 ("[T]he distinction between the two roles would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly."). Here, Plaintiff has offered nothing more than conclusory allegations that the documents that were lost would have proven his innocence. In sum, for the reasons stated herein,[5] the court will grant Inpold's motion to dismiss.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Amended Motion to Dismiss, (Doc. No. 44), is **GRANTED**, and this action is dismissed with prejudice.

2. Defendant's Motion for Protective Order, (Doc. No. 30), and Plaintiff's Motion to Compel Discovery, (Doc. No. 36), are **DISMISSED as moot**.

Signed: February 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[5] Defendant also contends that she is entitled to qualified immunity. Because the Court finds that there was no constitutional violation in the first instance, the Court need not address Defendant's qualified immunity argument.