UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-454-RJC

| | | |
|---|---|---|
| JORGE GEVARA, | ) | |
|     (aka JORGE GALEAS) | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BETTY INPOLD, | ) | |
| | ) | |
|         Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on remand from the Fourth Circuit Court of Appeals for this Court to determine the timeliness of Plaintiff's appeal. (Doc. No. 64). Also before the Court is Defendant's Motion to Dismiss Plaintiff's Appeal for Failure to Prosecute, (Doc. No. 66).

Plaintiff, a prisoner incarcerated in the North Carolina Department of Public Safety at Lanesboro Correctional Institution, filed this pro se action on September 10, 2010, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleged a claim for violation of his constitutional right to access to the courts for damages resulting from Defendant's alleged mishandling of Plaintiff's legal mail.

On February 28, 2012, this Court dismissed this case with prejudice, and judgment was entered the same day. (Doc. No. 57). Plaintiff subsequently purported to file a Notice of Appeal[1] directly with the Clerk of the Circuit Court of Appeals for the Fourth Circuit. That

---

[1] Plaintiff did not title his filing with the Fourth Circuit as a Notice of Appeal, but the Fourth Circuit treated it as such. Thus, the Court will refer to Plaintiff's filing as the "Notice of Appeal."

-1-

appeal was assigned No. 12-6949.

In the handwritten Notice of Appeal, mailed from Lanesboro Correctional Institution to the Fourth Circuit Clerk's Office, Plaintiff wrote, just above his signature, "Dated 5-9-2012." (Doc. No. 59 at 5). Furthermore, in its Attestation, Plaintiff wrote that he "hereby attests … that the [Notice of Appeal] was duly served upon the following by placing the same in the United States Mail, postage, prepaid, and properly addressed to [the Clerk's Office for the Fourth Circuit]." (Id. at 6). Below this statement and just above his signature, Plaintiff has written, "This 9th day of May, 2012." (Id.). Finally, the postage stamp on the envelope that Plaintiff used to mail his Notice of Appeal is dated "May 11 2012." (Id. at 7).

In a letter dated May 25, 2012, the Clerk's office for the Fourth Circuit sent a letter to this Court's Clerk's office, stating as follows: "The enclosed document was received by this court on March 15, 2012, and is construed as a notice of appeal." (Doc. No. 59 at 1) (emphasis added). The Clerk's office for this Court subsequently entered Plaintiff's Notice of Appeal on this Court's docket as being filed on March 15, 2012. See (Doc. No. 59).

On June 12, 2012, Defendant filed a Motion to Dismiss the Appeal with the Fourth Circuit on the ground that it was untimely. (Doc. No. 67-1: Motion to Dismiss Appeal). Defendant stated in the motion to dismiss that Plaintiff filed his Notice of Appeal on May 15, 2012. (Id. at 2). On October 15, 2012, the Fourth Circuit entered an Order observing that the filing of an incarcerated person such as Plaintiff is considered filed as of the date it was properly delivered to prison officials for mailing to the court. (Doc. No. 64 at 2). In its Order, the Fourth Circuit deferred action on Defendant's motion to dismiss the appeal and remanded the case to this Court for the limited purpose of allowing the district court to obtain this information from

the parties and to determine whether the filing of the Notice of Appeal was timely. (Doc. No. 64).

This Court finds that Plaintiff's Notice of Appeal was untimely. This Court also finds that the Fourth Circuit Clerk's office made an inadvertent error when it stated in its letter dated May 25, 2012, to this Court's Clerk's office that Plaintiff filed his Notice of Appeal on March 15, 2012. The record shows that Plaintiff placed his Notice of Appeal in the prison system for mailing on May 9, 2012. Since judgment in this case was entered on February 28, 2012, Plaintiff's appeal is untimely. See FED. R. APP. P. 4(c)(1).

Finally, Defendant has filed a Motion to Dismiss Plaintiff's appeal for failure to prosecute. The Court will deny the motion as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant's Motion to Dismiss Plaintiff's Appeal for Failure to Prosecute, (Doc. No. 66), is **DENIED** as moot.

(2) In accordance with the Order of the Fourth Circuit Court of Appeals remanding this action to this Court for the limited purpose of determining the timeliness of Plaintiff's Notice of Appeal, (Doc. No. 64), this Court finds that Plaintiff placed his Notice of Appeal in the prison mail system for delivery on May 9, 2012. Since judgment was entered on February 28, 2012, Plaintiff's appeal is not timely.

(3) The Clerk is instructed to correct the entry on this Court's docket to reflect that Plaintiff filed his Notice of Appeal on May 9, 2012, not March 15, 2012.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge